IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SONYAMARIE MARTINEZ**,

    Plaintiff,

vs.                                                                                                       Civ. No. 11-1045 JCH/WDS

**FEDERATION OF INDIAN SERVICE EMPLOYEES**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff SonyaMarie Martinez's motion to proceed *in forma pauperis*, filed November 23, 2011, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

**I.**    **Applicable Legal Standards**

    In screening Martinez's Complaint under § 1915(e)(2)(B), the Court resolves the issue of

whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Id.* (internal quotation marks omitted). These, the Court stated, "will not do." *Id.* (internal quotation marks omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (internal quotation marks and bracket omitted). In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (internal citations omitted).

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to

relief." *Id.*; *see id.* at 1954 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

## II.     Martinez has failed to allege sufficient facts to state a cognizable federal claim.

Martinez's Complaint must be dismissed for failure to state a cognizable federal claim. Martinez sues her former employer, the Federation of Indian Service Employees, which is a labor union. The Complaint is almost devoid of factual allegations. Instead, Martinez states the legal conclusion that she believes she was "discriminated against because of my sex (female-sexual harassment) and retaliated against for reporting the sexual harassment." Compl. at 1. The only facts she gives are the names of two people - Jackie Spencer (whom she concludes "sexually harassed" her without stating what he or she did that Martinez considers to be sexual harassment) and Michael Jennings (whom she also concludes harassed her and "allowed harassment to continue and retaliation" without alleging any facts to support those conclusions). *Id.* at 3. Although Martinez states that "supporting facts" are "outlined" in her EEOC file, *see id.*, she has not attached her EEOC claim or right-to-sue letter to her Complaint.

Supplying the names of alleged wrongdoers, standing alone, does not state a claim for discrimination in violation of Title VII under the standards set forth in *Iqbal*. Although Martinez is familiar with filing suits against labor unions for alleged sexual harassment by supervisors and discrimination in violation of Title VII, *see Martinez v. AFSCME*, No. 04cv1425 WJ/WPL (D.N.M.), she has failed to state what positions the alleged wrongdoers held within the union; who

did what to her that supports her claims of harassment and retaliation; or whether she was terminated or resigned and the circumstances of those events. *See* 42 U.S.C. § 2000e-2(a) (providing that a Title VII plaintiff must show that she has been discharged "*because of* such individual's race, color, religion, sex, or national origin") (italics added).  She has further failed to even state when the alleged wrongful events occurred or whether she has exhausted her administrative remedies.  The Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989); *see Leo v. Garmin Int'l, Inc.*, No. 10–3146, 431 Fed. App'x 702, 704, 2011 WL 2908949, *1 (10th Cir. July 21, 2011) (affirming dismissal of Title VII case where the "charge filed with the EEOC in June 2008 never mentioned or laid out the factual predicate for claims of disparate impact or discrimination under Title VII," thereby causing the district court to lack "jurisdiction to entertain those claims") (unpublished).

The Court will deny Martinez's motion to proceed IFP and dismiss this case without prejudice. *See Brown v. Beck*, No. 06-4088, 203 Fed. App'x 907, 910-11 (10th Cir. Aug. 1, 2006) (unpublished) ("[D]ismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint.  Thus, [a plaintiff who has been denied permission to proceed IFP] can initiate a new action by refiling his complaint and either paying the full filing fee at the start of the litigation or successfully applying to proceed IFP and then complying with the district court's fee orders."). If Martinez chooses to amend her complaint and to file another motion to proceed IFP, Martinez shall include the amount of income from David Lowry (whom she states is dependent upon her for support) that is used to pay joint expenses, as well as any amounts she receives for foodstamps and any money she receives from the state or from the parents of her nephew, whom she states she supports. *See* Doc. 2 at 3.

**IT IS ORDERED** that Martinez's motion to proceed IFP (Doc. 2) is DENIED and that her Complaint is DISMISSED without prejudice.

                                                                                               _____
                                                                                                UNITED STATES DISTRICT JUDGE